J. Curtis Edmondson (SBN: 190536)
jcedmondson@edmolaw.com
Edmondson IP Law
Wilshire Professional Building
9999 SW Wilshire Street, Suite 216
Portland OR  97006
Telephone (503) 336-3749

Daniel C. Cotman  (Pro Hac Vice forthcoming)
dan@cotmanlaw.com
Cotman IP Law Group, APLC
281 W East Colorado #2630
Pasadena, California 91101
Telephone: (626) 405-1413

Attorneys for Vita-Herb Nutriceuticals, Inc.

**UNITED STATES DISTRCT COURT**

**FOR THE DISTRICT OF OREGON**

**EUGENE DIVISION**

| | |
|---|---|
| Vita-Herb Nutriceuticals, Inc., a Corporation,<br><br>Plaintiff,<br><br>Vs.<br><br>Lonza Group AG, a Switzerland Corporation;<br>Lonza Ltd, a Switzerland Corporation;<br>Lonza Bend, Inc., An Oregon Corporation<br><br>Defendant, | Case No.<br><br>**COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NOS. 8,895,060 AND 8,846,082**<br><br>**DEMAND FOR TRIAL BY JURY** |

**COMPLAINT FOR PATENT INFRINGMENT**

Plaintiff VITA-HERB NUTRICEUTICALS INC., ("Vita-Herb" or "Plaintiff") by its attorneys, bring this complaint for patent infringement against Defendants Lonza Group AG (Lonza AG), Lonza, Ltd. ("Lonza"), and Lonza Bend, Inc. inclusive (collectively, "Defendants"):

## JURISDICTION AND VENUE

1. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a) (action arising under an Act of Congress relating to patents) and 28 U.S.C. § 1331 (federal question).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b). Venue is proper in the Eugune Division as the Defendants have a significant business presence in Bend, Oregon which is located in Deschutes County. This Court has personal jurisdiction and Defendants have committed acts of infringement in this judicial district by making, selling, offering to sell using and/or importing in this judicial district the accused product described below, and has a regular and established place of business in this judicial district. Defendants have sold and offered to sell infringing products in this State and judicial district and have committed acts of patent infringement and/or contributed to or induced acts of patent infringement by others in this judicial district and elsewhere in United States. Defendants' principal and established places of business are located in Bend, Oregon and in Muenchensteinerstrasse 38 Basel, 4002 Switzerland.

## THE PARTIES

3. Plaintiff is a North American corporation with its current principal place of business in 172 E. La Jolla Street, Placentia, CA 92870.

4. Defendants are a Switzerland corporation with a principal business office in Muenchensteinerstrasse 38 Basel, 4002 Switzerland and an office and significant operations in Bend, Oregon.

5. The Defendants named performed, participated in, or abetted in some manner, the acts alleged herein, directly, or proximately causing the damages alleged hereinbelow, and are liable to Plaintiff for the damages and relief sought herein.

## GENERAL ALLEGATIONS

6. On November 25, 2014, United States Patent No. 8,895,060, entitled "Methods and Apparatus for Sealing Capsules" (the '060 Patent"), was duly and legally issued by the United States Patent and Trademark Office (the "USPTO").

7. On September 30, 2014, United States Patent No. 8,846,082 entitled "Probiotic and Preservative Uses of Oil-Emulsified Probiotic Encapsulations" (the '082 Patent"), was duly and legally issued by the USPTO.

8. By assignment, Vita-Herb is the owner of all rights, title and interest in and to the '082 patent and '062 patent, including all rights to recover damages for any and all past infringement thereof. A true and correct copy of the '060 and '082 Patents are attached hereto as **Exhibit "A,"** and **Exhibit "B."**

9. The '060 Patent and '082 Patent cover a proprietary technology conceived of and developed by Vita-Herb's Chief Executive Officer (CEO), Bing Baksh ("Mr. Baksh"). This patented process, which has distinct advantages over alternative encapsulation methods, is referred to as the Nitrogen Purge Instance Bond ("NPIB") encapsulation process.

10. After the '060 and '082 Patents were filed, Mr. Baksh sought to develop business opportunities that would utilize the NPIB encapsulation process.

11. To show off the capabilities and benefits resulting from use of the NPIB process, Mr. Baksh demonstrated the process to various individuals over the years. Before any such demonstration was given, Mr. Baksh would inform people that the NPIB process was patented, and he would not allow photographs to be taken.

12. When a demonstration was given, Mr. Baksh would show how the encapsulation process worked by demonstrating the many steps involved in executing the NPIB process.

13. One such demonstration with the usual disclosures about the NPIB process being patented, was given to Paul Davis and Rafael Costa who at the time worked for an entity named Capsugel, Inc. ("Capsugel").

14. Capsugel was acquired by Lonza in 2017.

15. Having been made fully aware of how the NPIB process worked and having also been informed of the fact that the NPIB process was patented, Paul Davis and Rafael Costa stayed on after the acquisition and began working for Lonza.

16. Paul Davis serves as Lonza's Technical Service Engineer Lead.

17. At that time, Rafael Costa served as Lonza's Head of Business Unit Territory Sales Manager.

18. Paul Davis and Rafael Costa still work for Lonza as of the date this complaint was filed.

19. Paul David visited Plaintiff Vita-Herb several times over the years, each time being fully aware of the patented NPIB process.

20. The NPIB process was also demonstrated to Brett DuBose, former Lonza's Associate Director of Sales Manager and Adam Adelman who then served Lonza's Western US Sales Manager.

21. Brett DuBose and Adam Adelman were similarly informed Plaintiff's NPIB process was protected by patents prior to any demonstration being given.

22. In the summer of 2023, Taylor Carlow, Lonza's Sales and Business Development Manager, and Sue McElroy Lonza's Account Solutions Representative visited Plaintiff Vita-Herb's headquarters and were given a demonstration of the NPIB process after being reminded of its patented status.

23. After the demonstration, Mr. Baksh informed Taylor Carlow, Paul Davis and Sue McElroy, he had recently learned that Lonza had developed, and was offering to its customers, an encapsulation process utilizing the patented NPIB process.

23. Currently, the Defendants have three products on the market - the CFS 1000, CFS 1200 and CFS 1500, which utilize the patented NPIB process and infringe the '060 and '082 Patents ("Accused Products").

24. Currently the Defendants have three products on the market the CFS 1000, CFS 1200 and CFS 1500 which utilize the patented NPIB process and infringe the Accused Products.

25. Mr. Baksh explained to Taylor Carlow, Paul Davis, and Sue McElroy that the NPIB process he had demonstrated was patented and that if Defendants were offering such a process that would be an infringement of the '060 and '082 Patents covering the NPIB process.

26. In email correspondence to Mr. Baksh on July 7th, 2023, Ms. Carlow acknowledged there was a discussion about the patents and said, "Paul is looking into the patent we discussed." *See* **Exhibit C**.

27. Mr. Baksh asked Mr. Paul Davis, who was fully informed about the existence of the NPIB patents, to bring his concern to the Defendant's legal department.

28. Mr. Paul Davis agreed to bring the issue to the attention of the Defendant's legal department and indicated that someone from their end would be in touch.

29. To this date there has been no communication from anyone on behalf of Defendants about the patents.

30. Defendants, having been fully informed about its infringement of the '060 Patent and '082 Patent opted to willfully and recklessly disregard Plaintiff's patent rights and continues to offer the Accused Products for sale.

31. A general product brochure released by Defendants showing the infringing product CFS 1200 is shown in **Exhibit D** ("CFS 1200 Brochure").

32. Defendants manufacture the Accused Products in Belgium and/or Germany and offer to sell, sell, and import these machines to purchasers in the United States.

33. Shown in **Exhibit E** is a web address of a YouTube video featuring the functionality of the CFS 1200 ("CFS 1200 YouTube video").

34. The CFS 1000 and CFS 1500 machines also infringe the '060 Patent as they function in the same manner as the CFS 1200 described in the CFS 1200 and CFS 1200 You Tube video but are capable of operating at different encapsulation speeds and volumes.

## COUNT I

### (Infringement of U.S. Patent 8,895,060)

35.     The CFS 1000, CFS 1200 and CFS 1500, directly infringe the '060 Patent in violation of 35 U.S.C. §271(a).

36.     Claim 1 states:

> 1. A method for the encapsulation of a composition within a capsule comprising:
>
>    purging a capsule cap with a gas by injecting said gas into said capsule cap;
>
>    coating a seam of said capsule cap with a sealing solution;
>
>    sealing a capsule body to said capsule cap to form a capsule by securing said capsule cap to said capsule body in a vertical position to produce an instant bonding at said seam; and
>
>    applying an overlay medium solution to selected portions of said capsule.

2.     Each of the claim limitations of claim 1 is infringed literally and or under the doctrine of equivalents by Defendant.

3.     As stated in the CFS 1200 Brochure, the CFS 1200 performs the step of "purging a capsule cap with a gas by injecting said gas into said cap" as claimed. Page 2 of the CFS 1200 brochure discloses a "nitrogen purge option is available" as shown below:

4. The nitrogen purge option with is offered on the CFS 1200 purges a capsule cap with a



gas by injecting the gas into the cap.

5. The CFS 1200 also performs the step of "coating a seam of said capsule with a sealing solution" as claimed. This coating step is described between time interval 3:21 and time interval 3:35 where it discloses "*Capillary action draws a precise micro spray of sealing solution into the space between the cap and the body.*"

6. The CFS 1200 also carries out the claimed step of "sealing a capsule body to said capsule cap to form a capsule by securing said capsule cap to said capsule body in a vertical position to produce an instant bonding at said seam"

7. The YouTube video states the "*The CFS 1200 is a sealing and capsule filing machine*."

8. At time interval 3:35 the CFS 1200 YouTube video states *"gentle heat is then applied in the warming tunnel, which fuses the cap and body together to create an impervious seal*."

9. The capsules are vertically oriented when sealed together which is shown at time interval 1:30 shows the CFS 1200 functions with a 2-piece capsule (body and cap) is vertically oriented as claimed. This vertical orientation is shown below:



10. The CFS 1200 YouTube video from time interval 3:21 to time interval 3:43 discloses "applying an overlay medium to selected portions of said capsule to" as claimed.

11. The CFS 1200 YouTube video discusses using a spray (which is a medium) to provide a better seal that is substantially leak proof.

12. On information and belief, Defendants have directly infringed and continues to directly infringe at least claim 1 of the '060 patent within the meaning of at least 35 U.S.C. § 271(b) and/or (c) by knowingly and intentionally inducing infringement and/or contributing to the infringement of the '060 patent by providing and/or selling in the United States the '060 patent to customers and/or distributors of those products.

13. On information and belief, Defendants are currently actively inducing and has induced infringement of the '060 patent under 35 U.S.C. § 271(b) through, among other things, the sale and offer for sale in the United States of the '060 patent to direct infringers that include, without limitation, customers and/or distributors who use, sell, offer to sell, or import the '060 patent, with the specific intent that the '060 patent be used, sold, offered for sale, or imported in an infringing manner.

**COUNT II**

**(Infringement of U.S. Patent 8,846,082)**

14. The CFS 1200 infringes the '082 Patent. Claim 1 is representative:

> 1. A method for anaerobic encapsulation of a composition comprising:
>
> filling a capsule body with a composition while said capsule body is in a vertical orientation;
>
> purging a capsule cap with an anaerobic gas by injecting said anaerobic gas into said capsule cap;
>
> applying a sealing solution to said capsule cap before securing said capsule cap to said capsule body while said capsule body is in said vertical orientation; and
>
> securing said capsule cap onto said capsule body in said vertical orientation to produce an instant bonding of said capsule cap to said capsule body at the time when the capsule cap and capsule body are joined, thereby anaerobically encapsulating said composition within a capsule formed by said instant bonding of said capsule cap to said capsule body.

15. Each of the claim limitations of claim 1 is infringed literally and or under the doctrine of equivalents by Defendant.

16. A method for anaerobic encapsulation of a composition is shown in the CFS 1200 YouTube video. At time interval .09s the CFS 1200 video talks about filling a capsule. At time interval 0.48s to time interval .51s the video talks about the sort of compositions that can fill the capsule.

17. The CFS 1200 video states "the CFS 1200 is a sealing and capsule filing machine" that "fills capsule with liquid or semi solid formulations."

18. The claim limitation of "filling a capsule body

with a composition while said capsule body is in a vertical orientation" is shown in the YouTube video at time interval 1:30. The video discusses that the product works with a 2-piece capsule in a vertical orientation. (See image to the right of this paragraph).

19.     The step of "purging a capsule cap with an anaerobic gas by injecting said anaerobic gas into said capsule cap" as claimed, is disclosed in the CFS 1200 brochure page 2. Nitrogen is an



anaerobic gas.

20.     The claimed step of "applying a sealing solution to said capsule cap before securing said capsule cap to said capsule body while said capsule body is in said vertical orientation" is described in the YouTube video from time interval 3:21 to time interval 3:43. The video discusses using a spray when it states: "*Capillary action draws a precise micro spray of sealing solution into the space between the cap and the body. Improved vacuum valves allow more accurate control of sealing liquid removal. Gentle heat is then applied in the warming tunnel, which fuses the cap and body together to create an impervious seal.*"



Also, at time interval 1:30 the video shows that the capsules are vertical. See below.



21.     The claimed step of "securing said capsule cap onto said capsule body in said vertical orientation to produce an instant bonding of said capsule cap to said capsule body at the time when the capsule cap and capsule body are joined, thereby anaerobically encapsulating said composition within a capsule formed by said instant bonding of said capsule cap to said capsule body" is shown in the CFS 1200 YouTube video at time interval 1:30. The video discusses that the product works with a 2-piece capsule secured in a vertical orientation.

22.     Instant bonding occurs when *"gentle heat is then applied in the warming tunnel, which fuses the cap and body together to create an impervious seal."* This process operatively joins the capsule cap and body thereby creating a bond as claimed.

23.     The CFS 1000 and CFS 1500 machines also infringe the '082 Patent as they function in the same manner as the CFS 1200 described herein but are capable of operating at different encapsulation speeds and volumes.

24.     On information and belief, Defendants have directly infringed and continues to directly infringe at least claim 1 of the '082 patent within the meaning of at least 35 U.S.C. § 271(b) and/or (c) by knowingly and intentionally inducing infringement and/or contributing to the infringement of the '082 patent by providing and/or selling in the United States the '082 patent to customers and/or distributors of those products.

25.      On information and belief, Defendants are currently actively inducing and has induced infringement of the '082 patent under 35 U.S.C. § 271(b) through, among other things, the sale and offer for sale in the United States of the '082 patent to direct infringers that include, without limitation, customers and/or distributors who use, sell, offer to sell, or import the ' 082 patent,

with the specific intent that the ' 082 patent be used, sold, offered for sale, or imported in an infringing manner.

### CLAIMS FOR RELIEF (Infringement of the '060 and '082 Patents)

1.  On information and belief, Defendants have been using and is selling the CFS 1000, CFS 1200 and CFS 1500.

2.  The CFS 1000, CFS 1200 and CFS 1500 meet every element of at least claim 1 of the '060 Patent. Defendants have infringed and is infringing the '060 patent by selling, offering to sell, selling, making, using and/or importing the CFS 1000, CFS 1200 and CFS 1500 in the United States, including in this judicial district.

3.  CFS 1000, CFS 1200 and CFS 1500 meet every element of at least claim 1 of the '082 Patent. Defendants have infringed and is infringing the '060 patent by selling, offering to sell, making, using and/or importing the CFS 1000, CFS 1200 and CFS 1500 in the United States, including in this judicial district.

4.  The Defendants have also engaged in contributory infringed of , induced the infringement of and are liable for the vicarious infringement of at least claim 1 of the '060 Patent and of at least claim 1 of the '082 Patent

5.  Defendants' infringement of the '060 and '082 Patents have been and will continue to be willful, wanton and deliberate with full knowledge and awareness of Plaintiff's patent rights, unless enjoined by this Court.

6.  Plaintiff has been damaged in an amount to be determined at trial, but which is no less than a reasonable royalty, and has been irreparably injured by Defendants' willful infringing activities. Plaintiff will continue to be so damaged and irreparably injured unless such infringing activities are enjoined by this Court.

## PRAYER

WHEREFORE, Plaintiff prays for the following relief:

a. Preliminary and permanent injunctions pursuant to 35 U.S.C. § 283 enjoining and restraining Defendants', their officers, directors, agents, employees, successors and assigns, and all those acting in privity or concert with the Defendant, from further infringement of the '060 and '082 Patents;

b. A judgment by the Court that the Defendants have infringed and are infringing the '060 and '082 Patents;

c. An award of damages for infringement of the '060 and '082 Patents, together with prejudgment interest and costs, said damages to be trebled by reason of the intentional and willful nature of Defendants' infringement, as provided by 35 U.S.C. § 284;

d. An award of Vita-Herb's reasonable attorneys' fees pursuant to 35 U.S.C. § 285 in that this is an exceptional case;

e. Plaintiff's costs of suit herein; and

f. For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: Dec 06, 2023,        Respectfully submitted,

By: /s/ J. Curtis Edmondson
J. Curtis Edmondson (SBN 190536)
jcedmondson@edmolaw.com
Edmondson IP Law
Wilshire Professional Building
9999 SW Wilshire Street, Suite 216
Portland OR  97006
Telephone (503) 336-3749

Counsel for Plaintiff
Vita-Herb Nutriceuticals, Inc